UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEJERRY D. POWELL,

        Plaintiff,

Case No. 3:22-cv-12496

STATE BUREAL, GENESEE COUNTY SHERIFF'S
DEPARTMENT, G. ROBERT COTTON CORRECTIONAL
FACILITY, and MICHIGAN STATE POLICE,

        Defendants.
_____/

## OPINION AND ORDER DIMISSING PLAINTIFF'S COMPLAINT

Pro se Plaintiff DeJerry Powell initiated this action under 42 U.S.C. § 1983, naming as Defendants: (1) the Michigan Department of Correction (MDOC) Bureau of Health Care Services;[1] (2) Genesee County Sheriff's Department; (3) G. Robert Cotton Correctional Facility,[2] and (4) the Michigan State Police, in their official capacities. (ECF

---

[1] Plaintiff's Complaint names the "State Bureal, Mental Health Services-Health services" as a defendant. Upon review, the court concludes that Plaintiff intended to name MDOC Bureau of Health Care Services as a defendant. *See* Mich. Dep't of Corr., *Health Care*, https://www.michigan.gov/corrections/services/health-care-services (last accessed Apr. 24, 2023).

[2] Plaintiff's Complaint names as "Defendant No. 3" "Warden Nach Nagy" along with "G. Robert Cotton Correctiona [sic.] Facility." (ECF No. 1., PageID.3). Construing Plaintiff's Complaint liberally, the court infers that Plaintiff intends to bring claims against both G. Robert Cotton Correctional Facility and Warden Noah Nagy in his official capacity as its former warden. These claims are duplicative. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits, . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"). The court has the inherent authority to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court will exercise this authority and dismiss the redundant claims against Nagy and allow them to proceed solely against G. Robert Cotton Correctional Facility. *See Est. of Stanley v. Cuyahoga*

No. 1, PageID.2-3.) For the reasons discussed below, the court will dismiss Plaintiff's Complaint with prejudice.

## I.  BACKGROUND

At the time this action commenced, Plaintiff was a state prisoner confined at the Gus Harrison Correctional Facility in Adrian, Michigan, purportedly for "[p]arole violation." (ECF No. 1, PageID.2, 5.)[3] He brings the following claims against Defendants in their official capacities:

- As to MDOC Bureau of Health Care Services: "Negligence claim", "willful neglect deliberate in-difference [sic.] claim", and "COVID-19 pandemic claim";
- As to G. Robert Cotton Correctional Facility: "Negligence claim," and "COVID-19 claim"; and
- As to Michigan State Police: "Breonna's [sic.] Taylor Law."

(*Id.*, PageID.2-4) Specifically, Plaintiff charges MDOC Bureau of Health Care Services with "abuse and psych torture" and asserts that it "refus[ed] to treat [Plaintiff's] serious injur[ies] and had [him] house with COVID-19 positive." (ECF No. 5-7.) Regarding his claims against G. Robert Cotton Correctional Facility, Plaintiff describes the underlying events as: "Threating by psych force to took his medication psych torture expose of information speaking throw a door [sic.]." (ECF No. 1, PageID.6.) Finally, Plaintiff contends that "Michigan State Police were looking for somebody else and profile[d] [Plaintiff,] [a]nd enter[ed] into [his] home without a search warrant." (*Id.*, PageID.5-7.)

---

*Cnty.,* No. 1:20-CV-2392, 2021 WL 1390530, at *2 (N.D. Ohio Apr. 13, 2021) ("Where, as here, Cuyahoga County itself is sued alongside its agents in their official capacities, the official capacity agent claims may be dismissed as superfluous.")

[3]   According to his notice of change of address/contact information, Plaintiff has been released from custody as of January 30, 2023. (ECF No. 11.)

Plaintiff proclaims various medical injuries related to his claims. (*Id.*, PageID.8.) When asked what relief he is seeking, Plaintiff wrote, "I want to Speak with the courts Frist [sic.] if possible. Then we can go From There." (*Id.*)

On November 2, 2022, Magistrate Judge David R. Grand entered an "Order Waiving Prepayment of the Filing Fee and Direct Payment of the Initial Partial Filing Fee and Subsequent Payment," granting Plaintiff's application to proceed without prepayment of the filing fee for this action under 28 U.S.C. 1915(a)(1). (ECF No. 4.)

## II.  STANDARD

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the court is required to dismiss a prisoner's complaint before service if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915A(b); *see* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is "subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When evaluating a complaint under PLRA standards, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)). A *pro se* civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### III. DISCUSSION

Plaintiff's Complaint does not survive screening. His claims must be dismissed because Defendants are either immune from suit or not properly subject to suit.

4

First, the Eleventh Amendment to the United States Constitution bars § 1983 actions against a state and its agencies and departments unless that state has waived immunity and consented to suit or Congress has abrogated that immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *see also Pettway v. Michigan Department of Corrections*, No. 19-11201, 2019 WL 2369281, at *2 (E.D. Mich. Jun. 5, 2019). The State of Michigan has not consented to suit in § 1983 actions in federal court and Congress did not abrogate state sovereign immunity upon the passage of § 1983. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citation omitted); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 744 (6th Cir. 2005).

Courts in the Sixth Circuit have routinely found that the MDOC, which includes its Bureau of Health Care Services, is absolutely immune from suit under the Eleventh Amendment. *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *see also Knop v. Warren*, No. 14-10185, 2014 WL 1870803, at *2 (E.D. Mich. May 9, 2014) (Steeh, J.) (holding that the Bureau of Health Care Services is immune from suit); *Anger v. Chung*, No. 13-12143, 2014 WL 859717, at *4 (E.D. Mich. Mar. 5, 2014) (Ludington, J.) (same, citing cases); *Albert v. Bureau of Health Care Servs.,* No. 08-13884, 2009 WL 2591627, at *5 (E.D. Mich. Aug. 19, 2009) (Taylor, J.) (same); *Longwish v. Michigan Dep't of Corr. Bureau of Health Care Servs.*, No. 1:12-CV-53, 2012 WL 443023, at *1 (W.D. Mich. Feb. 10, 2012) (same); *Bailey v. Bureau of Health Care Servs.,* No. 1:17-CV-850, 2017 WL 5150786, at *2 (W.D. Mich. Nov. 7, 2017) (same).

Likewise, it is well established that the Michigan State Police is entitled to Eleventh Amendment immunity as an agency of the State of Michigan. *See Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999) ("The district court

5

properly dismissed [the plaintiff's] complaint against the Michigan State Police as this defendant is entitled to Eleventh Amendment immunity."); *see also Scott v. Michigan*, 173 F. Supp. 2d 708, 714 (E.D. Mich. 2001) (Edmunds, J.) (finding the Michigan State Police is an arm of the State of Michigan entitled to Eleventh Amendment immunity); *Crawford v. Michigan Police*, No. 13-CV-11551, 2014 WL 103562, at *1 (E.D. Mich. Jan. 10, 2014) (Murphy, J.) (adopting the magistrate judge's report and recommendation recommending that the Michigan State Police's motion to dismiss be granted because it is entitled to Eleventh Amendment immunity); *Owens v. Osbourne*, No. 07-CV-13585-DT, 2009 WL 1508424, at *1 (E.D. Mich. May 29, 2009) (Rosen, J.) (same).

Moreover, Plaintiff's Complaint fails to state a claim upon which relief can be granted, because none of the named Defendants are entities that can be sued under § 1983. The Michigan State Police Department is not a "person" subject to suit under § 1983. *Lavrack*, 1999 WL 801562 at *2 (citing *Howlett v. Rose*, 496 U.S. 356, 383 (1990)). Neither are the MDOC and its Bureau of Health Care Services. *See Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) ("We have consistently held that neither MDOC nor the parole board is a "person" that may be sued for money damages under § 1983.") Similarly, a state prison or correctional facility "is not a 'person' subject to suit under § 1983." *See Anderson v. Morgan Cty. Corr. Complex*, No. 15–6344, 2016 WL 9402910, at * 1 (6th Cir. Sept. 21, 2016). And it is "well-settled" that county sheriff departments are not legal entities amenable to suit. *Preciado v. Wayne Co. Sheriff's Dep't. Jail Div.,* No. 07-CV-12453, 2007 WL 2121929, at *1 (E.D. Mich. July 24, 2007) (Cohn, J.) ("It is well-settled under Michigan law that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983"); *Mayfield v. Clare Co.*

*Jail*, No. 2:19-CV-13467, 2020 WL 59697, at *2 (E.D. Mich. Jan. 6, 2020) (Steeh, J.) (same).

Because Plaintiff has failed to sue the proper defendants, his Complaint must be dismissed.

## IV. CONCLUSION

For the reasons stated above, the court concludes that Plaintiff's Complaint must be summarily dismissed based upon immunity and failure to state a claim. Accordingly,

IT IS ORDERED that Plaintiff's Complaint (ECF No. 1) is DISMISSED. A separate judgment will be issued.

                                              s/Robert H. Cleland           /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: April 27, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 27, 2023, by electronic and/or ordinary mail.

                                              s/Lisa Wagner           /
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\22-12496.POWELL.IDismissPR.SW.NH.docx